WILLIAM R. TAMAYO, #084965(CA)
JONATHAN T. PECK, #12303 (VA)
CINDY O'HARA, #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone: (415) 625-5653
Facsimile : (415) 625-5657
cindy.ohara@eeoc.gov

Attorneys for Plaintiff EEOC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Case No. **2:11-CV-03133-MCE-KJN** |
| Plaintiff, | **CONSENT DECREE** |
| and | |
| ANTHONY OKON, | |
| Plaintiff-Intervenor, | |
| v. | |
| **MAITA CHEVROLET GEO,** | |
| Defendant. | |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 (Title VII) to correct alleged unlawful employment practices on the basis of religion, and to provide appropriate relief to Charging Party Anthony Okon ("Charging Party"), whom the Commission alleged was adversely affected by such practices.  The Commission alleged that Defendant Maita Chevrolet GEO ("Defendant") subjected Charging Party to discrimination based on religion by failing to accommodate Charging Party's practice of his religion, Seventh Day Adventist; and by subjecting Charging Party to harassment, discipline, suspension from work and termination of employment because of his religion.

Defendant denies each and every allegation by the Commission, and specifically denies that Charging Party suffered any discrimination, harassment or unlawful conduct of any type.  The Commission and Defendant now seek to resolve this action as to each other and as between Defendant and Charging Party without further contested litigation through this Consent Decree.  This resolution does not constitute an admission of liability or any wrongdoing of any type on the part of Defendant, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Defendant in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Defendant will each bear its own costs and attorney fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6. Defendant and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from discriminating based on religion, including failure to reasonably accommodate, as prohibited by Title VII.

7. Defendant and its current officers, agents, employees, and all persons in active concert or participation with them are enjoined from retaliating against the Charging Party, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

**SPECIAL INJUNCTIVE RELIEF**

    **Non-Discrimination Policies**

8.    Within thirty (30) days of the entry of this Consent Decree, Defendant will revise its personnel policy manual to include a section on reasonable accommodation of religious beliefs and practices. Said revisions will clarify that an employer has an obligation to provide reasonable accommodation for an employee's religious beliefs and practices. Said revisions will also make clear to supervisors that when they are aware of an employee's need for religious accommodation, they are obligated to inform Human Resources immediately and the Company will take all reasonable steps to provide such accommodation as required by law. Said revisions will be subject to review and reasonable approval by the Commission prior to their issuance.

9.    Upon the completion of the revisions specified in Paragraph 8, a copy will be issued to each employee of Defendant, both management and non-management, within sixty (60) days of the entry of this Consent Decree, subject to the Commission's timely review and approval of said policy. The final version of these revised provisions will be provided to counsel for the Commission ten (10) days prior to their issuance.

10.    Whenever Defendant hires new employees or rehires former employees, it will distribute an employee handbook containing these revised provisions to each new or rehired employee.

    **Training**

11.    Each year during the term of this Consent Decree, Defendant will use an outside consultant, paid for by Defendant, to conduct the following trainings:

    (a)    Provide annual training of all managers and supervisors of not less than one hour per year, regarding their obligations not to discriminate based on religion, and their obligations to provide reasonable accommodation to employees who need such accommodation because of their religious beliefs or practices; and

///

///

///

(b)     Provide annual training of all human resources personnel of not less than two hours per year, about religious discrimination, and an employer's obligation to reasonably accommodate employees who need such accommodation because of their religious beliefs or practices.  One hour of the human resources personnel's training may be concurrent with the training of managers and supervisors.

### Record Keeping and Reports

12.     Within thirty (30) days after completing each training session described in Paragraph 11, Defendant will mail to counsel for the Commission a report containing the date of training, the name of the trainer and/or training program, the name and position of the management official who introduced the training, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

13.     Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for the duration of this Consent Decree, Defendant will notify the counsel for the Commission whether it has received any complaints of religious discrimination or requests for religious accommodation from its employees, what steps were taken in response, and how the situation was resolved.

## RELIEF FOR CHARGING PARTY

14.     Defendant will pay the sum of $158,000.00 as complete satisfaction of the Commission's and Charging Party's claims against Defendant as set forth in the Complaint and Complaint in Intervention.

///

///

///

///

///

///

///

///

**EXPIRATION OF CONSENT DECREE**

15. This Consent Decree constitutes a full and final resolution of all the Commission's claims on behalf of Charging Party. This Consent Decree will be in effect for two (2) years, and will expire at midnight of the date two (2) years after its entry by the Court, provided that Defendant has substantially complied with the terms of this Consent Decree. Defendant will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Decree that Defendant has failed to comply with any of the terms of this Decree.

| On Behalf of Plaintiff Commission: | On Behalf of Defendant: |
|---|---|
| Dated: September 11, 2013 | Dated: September 11, 2013 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | LITTLER MENDELSON |
| /S/ William R. Tamayo<br>WILLIAM R. TAMAYO<br>Regional Attorney | /S/ Eric Bellafronto<br>ERIC BELLAFRONTO<br>Attorneys for Defendant Maita Chevrolet GEO |
| /S/ Jonathan Peck<br>JONATHAN PECK<br>Supervisory Trial Attorney | |
| /S/ Cindy O'Hara<br>CINDY O'HARA<br>Senior Trial Attorney | |

**ORDER**

IT IS SO ORDERED.

Date: September 24, 2013

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT